# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

ANCRO FINANCE COMPANY,
Individually and BURLAWN STREET,
Individually, and BURLAWN STREET
for the use and benefit of Ancro Finance,

    Plaintiffs/Appellants,

vs.

CONSUMERS USA INSURANCE
COMPANY,

    Defendant/Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Shelby Law No. 83037

Appeal No. 02A01-9708-CV-00177

FILED

August 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE

### THE HONORABLE ROBERT L. CHILDERS, JUDGE

For the Plaintiffs/Appellants:

W. Ray Jamieson
Benjamin T. Wages, Jr.
Memphis, Tennessee

For the Defendant/Appellee:

Allan B. Thorp
Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

**OPINION**

This is an insurance case. The plaintiff purchased an automobile insurance policy from the defendant. Through a series of events, the check given for the first installment of the insurance contract did not clear because of a prior stop-payment order. Before a valid check could be delivered, the plaintiff's automobile burned. The insurance company defendant denied coverage and this suit ensued. The trial court granted summary judgment in favor of the defendant. We affirm.

Plaintiff/Appellant Burlawn Street ("Street") purchased an automobile from Enterprise A/S in Memphis, Tennessee on February 24, 1996. The same day, Street obtained a comprehensive and collision auto insurance policy from Consumers USA Insurance Company ("Consumers"). Sarah C. Johnson, Street's relative, wrote a check for $131.75 on her account at NBC bank as payment for the first installment on the policy. Plaintiff/Appellant Ancro Finance Company ("Ancro") provided financing for the purchase, based on the insurance policy and binder issued by Consumers. Ancro purchased the sales contract between Street and the auto dealer. As a prerequisite to this purchase, Ancro required that it be named as loss payee under the insurance binder issued by Consumers.

On March 1, 1996, Ms. Johnson put a stop order on the check for the first installment on the policy, allegedly because she believed the amount had already been paid. On March 2, Street's automobile burned. Johnson rescinded the stop order of the check on March 4, and Street notified Consumers of the loss on the same day. On March 4, Street tendered a cash payment on the policy to Consumers; he asserts that it was refused. On March 5, three days after the loss, the check was presented for payment. The bank did not pay the check, purportedly because of the original stop order. On March 6, the bank marked the check "stop payment," and it was ultimately returned to Consumers. The parties dispute whether the account on which the check was written had sufficient funds to pay the check.

Consumers refused to pay the loss. Street and Ancro filed this lawsuit to recover policy benefits from Consumers. Consumers filed a motion for summary judgment, arguing that the check for the first installment on the insurance contract was written on an account with insufficient funds, and therefore the contract was void from the inception and Consumers had no duty to pay the claim. The trial court granted the motion, and Street and Ancro appealed.

On appeal, Street and Ancro argue that the trial court erred in granting summary judgment in favor of Consumers, because the check for the initial installment on the policy was not returned for insufficient funds, but instead was marked "stop payment" due to Johnson's mistaken stop order.

Ancro also argues that it was entitled to notice under the cancellation provision of the insurance policy and that Ancro had a right to recover independent of Street's right to recover.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. **Byrd v. Hall**, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. **Id.** at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. **Carvell v. Bottoms**, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. **Id.** Therefore, our review of the trial court's grant of summary judgment is **de novo** on the record before this Court. **Id. Cowden v. Sovran Bank/Central South**, 816 S.W.2d 741, 744 (Tenn. 1991).

On appeal, Street and Ancro argue that the trial court erred in finding that the policy was void because the check issued for the policy payment was not returned for insufficient funds. They contend that the check was good when it was written, and that it was unpaid because of a mistake made by the bank. In the alternative, Street and Ancro contend that the policy was in effect at the time of the loss because Consumers delayed seeking payment, and that the bank's mistake in handling the stop payment order did not void the policy.

Consumers alleges that, on the day the check was written and for seven days prior to the loss, the funds in the account were insufficient to cover the check. Consumers contends that Street did not intend to pay the initial policy premium before the loss. Consumers alleges that the stop payment order was an intentional act to prevent payment of the policy premium.

Although the reason for the stop payment order is a contested factual issue, it is undisputed that the premium had not been paid at the time of the loss. Consumers argues that this case is controlled by the Tennessee Supreme Court's decision in **Tallent v. Tennessee Farmers Mut. Ins. Co.**, 785 S.W.2d 339 (Tenn. 1990). **Tallent** involved the renewal of an existing homeowners' insurance policy. The insurer mailed the homeowner, Tallent, a renewal declaration and premium notice, advising Tallent that her coverage would expire the following month. **Id.** at 341. On the

2

expiration date, Tallent wrote a check for the premium and mailed the check to the insurance company. When the insurance company received the check, it issued a receipt informing Tallent that the policy was reinstated. A few days later, the bank returned Tallent's check to the insurance company for insufficient funds. The insurance company immediately sent a notice to Tallent stating that, because of the dishonored check, the policy had lapsed as of the original expiration date. A fire loss occurred before Tallent could reinstate the policy by tendering her premium payment in cash.

After examining Tallent's bank records, the court found that "the plaintiff did not on the date when she issued the check or at any time thereafter have as much as $299, the amount of the premium, on deposit in her checking account." *Id.* The court also found that Tallent "knew or must be charged with knowing that the check could not have been honored upon presentation to the drawee bank." *Id*. The court then ruled that the check was not accepted by the insurance company as unconditional payment, regardless of the receipt:

> "In the absence of an agreement to the contrary, the delivery of a check to an insurer and its acceptance thereof is not payment of the debt until the check itself has been paid. Thus the mere giving or sending of a worthless check to the insurer does not effect the payment of a premium."

*Id.* at 343 (quoting 14A Appleman, *Insurance Law and Practice*, § 8144 (1985)). Therefore, the *Tallent* court held that payment of the initial premium was a condition precedent to reinstatement of the policy. Therefore, because the premium was not paid, the policy lapsed.

Unlike *Tallent*, in this case, the reason the check was returned is in dispute. However, it is undisputed that the premium had not been paid when the loss occurred. Payment occurs when the bank accepts the check upon presentment, not when the check is written. *Id.* at 343 (citing *Sizemore v. E.T. Barwick Indus., Inc.*, 225 Tenn. 226, 465 S.W.2d 873 (1971)). Under *Tallent*, payment of an insurance premium by check creates a presumption that the payment, and the terms of the policy, are conditional upon the bank honoring the check upon presentment. *Tallent*, *supra* at 343. In this case, Street and Ancro proffered no evidence that the insurer agreed to accept the check as an *unconditional* payment, which would rebut the presumption. *Id.* at 344.

Street and Ancro note that the insurance contract provided for ten-day notice before cancellation,[1] and that business custom in the insurance industry permits the loss payee to cure within this time period. However, in this case, the policy terms do not apply because the policy never went into effect. Therefore, the provision for notice of cancellation of the policy is irrelevant.

Street and Ancro also argue that Consumers failed to timely deposit the initial check given with the application and binder, and that the plaintiffs are therefore entitled to coverage. They cite no authority to support this argument. Tennessee Code Annotated defines "check" as an instrument that is "payable on demand." Tenn. Code Ann. § 47-3-104(f) (1996). There is no statute or contract that required Consumers to deposit the check within a certain time. This argument is without merit.

On appeal, Ancro argues that it was entitled to notice of cancellation under the terms of the insurance policy, irrespective of Street's right to recover under the policy, because the policy contained a provision for notice to the loss payee of lapse or cancellation. However, as noted above, the policy terms on notice of cancellation do not apply because the policy never went into effect. This argument is without merit.

In sum, regardless of the reasons for the stop payment order on the check, under the facts of this case, Street, as the insured, was responsible for providing a valid initial payment for the policy to Consumers. Because this was not done, the policy never went into effect. Therefore, the trial court did not err in granting Consumers' motion for summary judgment.

---

[1] The policy provided, in pertinent part:

We may cancel by mailing to the named insured shown in the declarations at the address last known by us:
a. at least ten (10) days notice:
    1) if cancellation is for non-payment of premium; or
    2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or
b. at least 20 days notice in all other cases.

The decision of the trial court is affirmed.  Costs are taxed against the Appellants, for which execution may issue if necessary.

_____

_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**

5